UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

R. SCOTT McCAY                                             CIVIL ACTION

VERSUS                                                     NO. 06-4805

DEPARTMENT OF HOMELAND                                     SECTION "K"(5)
SECURITY, ET AL

## ORDER AND OPINION

Before the Court is Stanley J. Fleming's Motion for Summary Judgment (Rec. 26). After reviewing the pleadings, memoranda, and relevant law, for the following reasons the Court grants the motion.

## BACKGROUND

Scott McCay purchased a Standard Flood Insurance Policy ("SFIP") through American Reliable Insurance Company ("ARIC"), a Write-Your-Own, program carrier in the National Flood Insurance Program (NFIP), for his home, including a detached garage. Stanley J. Fleming, an agent for ARIC, acted as the insurance agent for Mr. McCay. Mr. McCay used his garage as a gameroom and for storage. The garage did not have any plumbing, kitchen facilities, or any other living facilities,

Mr. McCay's home, including the garage, sustained flood damage as a result of Hurricane Katrina. ARIC denied Mr. McCay's claim for damages to the garage because the SFIP included a provision excluding coverage for a detached garage used or held for use for residential purposes.[1]

After ARIC denied the claim for damages to the garage, Mr. McCay filed suit against

---

[1] The exclusion provides in pertinent part: "[w]e do not cover any detached garage used or held for use for residential (i.e., dwelling), business, or farming purposes."

Michael Chertoff, Secretary of the Department of Homeland Security, David Paulison, Acting Director of FEMA, ARIC, and Stanley J. Fleming.  Mr. McCay alleged claims for breach of contract, negligence, and gross negligence against Mr. Fleming based on his failure to determine Mr. McCay's coverage needs and inform him of potential limitations concerning the detached garage in the flood insurance policy and Mr. Fleming's failure to recommend additional insurance that would fill any potential gaps in the flood insurance policy.  Mr. McCay alleges that he relied on Mr. Fleming's expertise to advise him of the appropriate, usual, and customary insurance available and the potential limitations of that insurance.

## LAW AND ANALYSIS

Stanley J. Fleming filed a motion for summary judgment seeking to dismiss plaintiff's claims against him.  Mr. Fleming contends that because he acted as an agent for ARIC, a disclosed principle, plaintiff cannot state a claim for breach of contract against him.  Additionally, Mr. Fleming asserts that plaintiff cannot state a claim for negligence or gross negligence because as a matter of law Mr. Fleming had no duty to identify plaintiff's insurance needs or advise him as to the operation and effect of the  flood insurance policy.

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing*

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).  Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A.  Claim for Negligence and Gross Negligence

Under Louisiana law[2] an insured has a duty to read and to know the provisions of his insurance policy. *Veron v. Talamo*, 2006 WL 3759561 at *2 (E.D. La. Dec. 19, 2006).  An insured is charged with constructive knowledge of the provisions of the SFIP "regardless of actual knowledge of what is in the regulations or the hardship resulting from ignorant innocence." *Larmann v. State Farm Insurance Company*, 2005 WL 357101 at *5 (E.D. La. February 11, 2005), quoting *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 385, 68 S.Ct. 1, 92 L.Ed.10 (1947). Insured under  SFIPs are  "charged with the burden of familiarizing themselves with the policy's terms and limits.  They cannot shift blame to the Insurer for not providing them with adequate

---

[2] Because jurisdiction over the claims against Mr. Fleming is grounded on 28 U.S.C. §1332,  the Court is *Erie* bound to apply Louisiana law. *Erie Railroad  Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 83 L.Ed.2d 1188 (1938).

coverage." *Englande v. Bradshaw Insurance Agency*, No. 06-8572, p. 11 (E.D. La. August 22, 2007).

Additionally, Louisiana law provides that:

> an insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

*Karam v. St. Paul Fire & Marine Insurance Company*, 281 So.2d 728, 730-731 (La. 1973). Louisiana law does not impose on an insurance agent a duty to identify spontaneously a client's needs and advise the client whether he is underinsured or carries the correct type of insurance. *Palumbo v. Bilstad*, 2007 WL 62582 at *1 (E.D. La. Feb. 27, 2007), *Dobson v. All State Insurance Co,*, 2006 WL 2078423 at *10 (E.D. La. July 21, 2006), *Veron v. Talamo*, 2006 WL 3759561at *2 (E.D. La. Dec. 19, 2006). The Fifth Circuit has noted that "the client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy." *Motors Insurance Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990). Nevertheless "an 'insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client.'" *Giardina v. Allstate Insurance Company*, 2006 WL 3406743 (E.D. La. Nov. 22, 2006), quoting *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D. La. Sept. 6. 2006).

Mr. McKay contends that Mr. Fleming breached his duty to identify and advise Mr. McCay of the SFIP exclusion for a detached garage that is used for residential purposes and "neglected to

4

inform his client of any 'grey area' ambiguities or different interpretations in this provision."  (Rec. Doc. 29, p. 6).   Plaintiff urges  that he relied on Mr. Fleming's expertise because "Fleming and his agents asked Plaintiff no questions about any facts that may have affected those coverages, except the contents value" and because "Fleming apparently knew Plaintiff's property value and elevation, as they were listed in the declaration page without Plaintiff supplying any independent information." (Rec. Doc. 29, p. 2).   Additionally plaintiff states that "[t]he garage's size was clearly evident from the street and obviously was large enough to have both a parking area and a game room," and that he "relied on Fleming's  and his agents', expertise in obtaining all appropriate information to acquire the insurance Plaintiff requested."  *Id*  at p. 2-3.

Plaintiff submits an affidavit stating that::

- "Fleming, through his  employees and agents, asked me no questions about the property configuration or the uses I made of the detached garage";
- "Fleming had the property elevation and other information about the property, which led me to rely on his knowledge and expertise in acquiring any other information necessary for all my flood coverage needs";
- "he relied on Fleming's expertise to determine the appropriate flood insurance policy to cover my residence and detached garage with game room";
- he read the policy after receiving it;
- he was not alarmed by the garage exclusion because he "interpreted it as clearly limited to only garage apartments or other similar living areas that are vastly different from my game room, which could only be occupied temporarily and not as a 'residence', i.e., dwelling)";
- he spoke with Raynell Fleming, an agent for defendant, who stated that "she did not know  my garage had a game room in it and thought that it was storage when she procured the policy"; and
- Raynell Fleming told him that the detached garage exclusion was a "grey area," expressed surprise that the insurance company denied his claim, and wondered aloud how many other policies she wrote would have the same issue.

5

None of those facts involve representations or misrepresentations made by Mr. Fleming or his agents concerning the coverage to be procured. In *Parker v. Lexington Insurance Co.*, No. 06-4156 (E.D. La. Nov. 15, 2006), Judge Zainey noted that courts have expanded *Karam* to impose upon an insurance agent a duty to affirmatively inform the client of certain information such as changes in the federal flood policy and "esoteric aspects of Louisiana insurance law that might affect they type of policy selected by the insured." But, as Judge Zainey observed, in all of those cases "the 'advice' that the agent had an affirmative duty to give to the insured pertained to aspects of the [insurance] policies or aspects of the insurance law that were not within the knowledge generally held by a layman." *Id.* In those cases "information that the agent had a duty to disclose was something about which the agent had superior knowledge given his insurance expertise, and the agents specific knowledge of the insured's situation triggered that duty to disclose." *Id.*

Mr. McCay does not contend that he provided Mr. Fleming or his agent with any specific information concerning the interior of his garage or the purposes for which he used the garage[3]. As noted previously, an agent has no duty to spontaneously identify a client's needs. Moreover, plaintiff concedes in his affidavit that he read the policy including the garage exclusion before Hurricane Katrina but was not "alarmed" about the exclusion "because I interpreted it as clearly limited to only garage apartments or other similar living areas that are vastly different from my gameroom, which could be occupied temporarily, and not as a 'resident, i.e., dwelling).'" Plaintiff does not allege that Mr. Fleming misrepresented the meaning of the exclusion or that he asked Mr. Fleming, or his agent, for an interpretation of the exclusion. Considering plaintiff's failure to

---

[3] In fact, Mr. McCay's affidavit states that Raynel Fleming told plaintiff that she did not know that the detached garage contained a gameroom.

6

demonstrate that Mr. Fleming had any specific knowledge concerning the garage, the lack of evidence concerning any misrepresentation related to the garage exclusion by Mr. Fleming, and the insured's well established duty to know the terms of the SFIP, the Court grants the motion for to plaintiff's claims of negligence and gross negligence.

### B. Claim for Breach of Contract

Mr. Fleming's motion for summary judgment on plaintiff's claim for the breach of contract is well founded. An insurance agent for a known principal cannot be held personally liable for breach of contract unless he personally binds himself or acts in a manner that exceeds his authority. *See Nero v. LA Independent Insurance Agencies, Inc.* 2003 WL 203145, *2 (E.D. La. Jan. 29, 2003). Plaintiff has not provided any evidence to establish that Mr. Fleming acted in a manner demonstrating that he intended to personally bind himself to the performance of the insurance contract or that Mr. Fleming acted in a manner that exceeded his authority.[4] Accordingly, Mr. Fleming is entitled to summary judgment on the claim for breach of contract.

New Orleans, Louisiana, this 10th day of October, 2007.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that the complaint does not allege any such facts.